# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

VICTOR W. SMITH                                                                                 PLAINTIFF

v.                          NO. 3:05CV00268 HDY

JO ANNE B. BARNHART,                                                DEFENDANT
Commissioner of the Social
Security Administration

## MEMORANDUM OPINION AND ORDER

The record reflects that in February of 2003, plaintiff Victor W. Smith ("Smith") filed applications for disability insurance benefits and supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). His applications were denied initially and upon reconsideration. He next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In July of 2005, the ALJ issued a ruling adverse to Smith. He then appealed that ruling to the Appeals Council. In October of 2005, the Appeals Council affirmed the ruling of the ALJ. That ruling therefore became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In November of 2005, Smith commenced the proceeding at bar in which he challenged the final decision of the Commissioner.

The sole inquiry for the Court is whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012. The Court may not reverse the decision of the Commission merely because the evidence supports a different conclusion. See Id.

In determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole, it is wise to identify the findings. The Commissioner made findings pursuant to the five step sequential evaluation process.[1] At step one, the Commissioner found that Smith "has not engaged in substantial gainful activity since his alleged onset date [of May 1, 2001]." See Transcript at 11, 15. The Commissioner did, however, note the following: "Review of the record reflects [that he] works part time on a farm. His earnings included $7,245 for the first ten months in 2004. ... [T]his work does [not] amount to substantial gainful activity but does provide some guidance as to the nature and extent of his alleged impairment." See Transcript at 11. At steps two and three, the Commissioner found that Smith has a severe impairment but that it does not meet or equal a listed impairment. Specifically, the Commissioner found as follows:

---

[1] The five steps involve determining the following: "(1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is, or is comparable to, a listed impairment; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work." See Cox v. Barnhart, 345 F.3d 606, 608 n.1 (8th Cir. 2003) [citing Bowen v. Yuckert, 482 U.S. 137 (1987)].

> Medical evidence established the claimant has alleged experiencing neuropathy within his feet; hypertension; borderline diabetes; arthritic pain; and hypertension. However, he does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix I, Subpart P, Regulations No. 4.

See Transcript at 15. With regard to Smith's subjective allegations, the Commissioner found that they are not "borne out by the overall record nor found to be fully credible." See Transcript at 15. The Commissioner then proceeded to step four. At that step, the Commissioner found the following:

> The claimant has [the] residual functional capacity to lift/carry up to 20 pounds; sit up to 6 hours in an 8 hour day with a sit/stand option; and stand/walk 1-2 hours in an 8 hour day. He occasionally requires the need to prop his legs. The claimant requires no pain medication and can occasionally climb, balance, stoop, crouch, kneel, and crawl. Finally, he experiences no mental restrictions and can perform simple unskilled or semi-skilled work.

See Transcript at 16. A vocational expert testified during the administrative hearing that a hypothetical individual with Smith's impairments cannot perform Smith's past relevant work. See Transcript at 276. The Commissioner therefore found that Smith cannot return to his past relevant work. The Commissioner then proceeded to step five. At that step, the vocational expert testified that a hypothetical individual with Smith's impairments can perform other kinds of work, e.g., security work or assembler. See Transcript at 276-279. Because Smith can perform other kinds of work, the Commissioner concluded that Smith was not disabled within the meaning of the Act.

Are the Commissioner's findings supported by substantial evidence on the record as a whole? Smith thinks not and advances three reasons why the findings are not so supported. Having thoroughly reviewed the record in this proceeding, including the parties' briefs, the Court finds that only one of the reasons advanced by Smith warrants serious consideration.

Smith maintains that the Commissioner's findings are not supported by substantial evidence on the record as a whole because the Commissioner erred when she "chose to disregard the opinion of [a] treating physician." See Document 11 at 18. Although Smith's pleadings are not a model of clarity, he appears to maintain that the Commissioner erred when she disregarded the opinion of Dr. S.R. Cullom ("Cullom").

The weight to be given a treating physician's medical opinion is clear. In <u>Choate v. Barnhart</u>, 457 F.3d 865, 869 (8th Cir. 2006), the Court of Appeals articulated that weight as follows:

> A treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). These opinions are not automatically controlling, however, because the record must be evaluated as a whole. <u>Reed v. Barnhart</u>, 399 F.3d 917, 920 (8th Cir.2005). We will uphold [the Commissioner's] decision to discount or even disregard the opinion of a treating physician where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." <u>Id.</u> at 920-21 ...

-4-

The record reflects that Cullom saw Smith intermittently from April of 2001 through October of 2004, see Transcript at 171-189, 205-206, and can therefore be fairly characterized as a treating physician. In a treating source statement dated November 3, 2004, Cullom opined that Smith suffers from "Tarsal Tunnel Syndrome and can only stand or sit intermittently for less than 2 hours." See Transcript at 207.

Dr. Michael H. DeShazo ("DeShazo") performed a one-time consultative examination of Smith on April 21, 2005. See Transcript at 209-212. DeShazo opined that Smith can stand and/or walk for five hours in an eight hour workday and can sit for a full eight hours in an eight hour workday. See Transcript at 212.

The Commissioner resolved the above conflict by crediting in large part the assessment of Smith offered by DeShazo. The Commissioner specifically found as follows:

> [Cullom] reported the claimant could stand or sit intermittently for less than 2 hours. However, the claimant acknowledged performing a number of activities of daily living that appear inconsistent with ... Cullom's assessment. These activities include performing farm work, washing his car, making home repairs, shopping, and laundering clothes. Likewise, ... DeShazo found the claimant [could] stand/walk 5 hours in an 8 hour day and sit up to 8 hours in an 8 hour day. Greater weight is assigned to ... DeShazo's assessment based upon the claimants' activities of daily living; the date of neurological assessment; and the fact that Dr. DeShazo is a specialist.

See Transcript at 14. The Court has several concerns about the Commissioner's finding regarding Smith's ability to sit during an eight hour day.

At the outset, the Court notes that the Commissioner did not completely embrace DeShazo's assessment of Smith nor fully disregard Cullom's opinion of Smith. Rather, the Commissioner gave "greater weight" to DeShazo's assessment. DeShazo found that Smith was capable of standing and/or walking for five hours in an eight hour workday. In the residual functional capacity assessment, though, the Commissioner found that Smith could "stand/walk 1-2 hours in an 8 hour day," see Transcript at 15, a finding consistent with that offered by Cullom. DeShazo also found that Smith was capable of sitting for a full eight hours in an eight hour workday. In the residual functional capacity assessment, though, the Commissioner found that Smith could "sit up to 6 hours in an 8 hour day with a sit/stand option ..." See Transcript at 14.

Turning to the concerns regarding Smith's ability to sit during an eight hour day, the Court finds that Cullom is, or was at one time, Smith's treating physician. Cullom's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." See Choate v. Barnhart, 457 F.3d at 869. The Commissioner discounted Cullom's opinion of Smith's ability to sit during an eight hour day. In so doing, the Commissioner did not attempt to show that the opinion was not supported by medically acceptable clinical and laboratory diagnostic techniques nor inconsistent with other opinions he had offered. The Commissioner appears to have discounted Cullom's opinion because it was inconsistent with other substantial evidence.

The Commissioner appears to have discounted Cullom's opinion regarding Smith's ability to sit during an eight hour day because it was inconsistent with, inter alia, his activities of daily living. It is difficult to see, though, how those activities undermine Cullom's opinion of Smith. It is possible for Smith to have the restrictions found by Cullom and still perform those activities. With specific regard to the farm work performed by Smith, it does not appear that it involved walking and/or standing for significant periods of time. Smith testified during the administrative hearing that the work instead involved occasionally operating a tractor for "a couple of hours." See Transcript at 238. He testified that after a couple of hours, his feet would begin hurting and he would go home to rest.

The Commissioner also appears to have discounted Cullom's opinion regarding Smith's ability to sit during an eight hour day because it was offered earlier in time than the assessment offered by DeShazo. It is true that DeShazo's examination of Smith occurred after the date of Cullom's treating source statement. That fact alone establishes very little. It is significant that the Commissioner did not specifically find that Smith's condition improved between the time of Cullom's treating source statement and DeShazo's examination or, alternatively, that Cullom's treating source statement was built upon faulty or otherwise erroneous medical evidence. As the Court noted above, the Commissioner did not attempt to show that Cullom's opinion was not supported by medically acceptable clinical and laboratory diagnostic techniques.


In addition to the foregoing, it not clear what medical evidence the Commissioner relied upon in finding that Smith could "sit up to 6 hours in an 8 hour day with a sit/stand option ..." See Transcript at 14. It certainly was not DeShazo's assessment because he found that Smith could sit for a full eight hours in an eight hour day. It is true that in a residual functional capacity assessment performed at the state agency level, Smith was found to be capable of sitting for a total of about six hours in an eight hour day. The Commissioner, however, discounted the findings made in that assessment because they were made "without [the] benefit of testimony and updated medical evidence." See Transcript at 14. The Court is left to guess as to what may be the basis of the Commissioner's finding regarding Smith's ability to sit during an eight hour day.

Given the foregoing, the Court concludes that the Commissioner's findings are not supported by substantial evidence on the record as a whole. Specifically, it is not clear how the Commissioner determined that Smith was capable of sitting for up to six hours in an eight hour day with "a sit/stand option ..." See Transcript at 14. An appropriate finding on that issue is important because it impacts his ability to perform sedentary work.

The Commissioner's decision is reversed and remanded. The Commissioner is directed to more fully develop the record with regard to Smith's ability to sit during an eight hour day. This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).

IT IS SO ORDERED this _4_ day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE